**Opinion issued November 17, 2022**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-21-00475-CV

_____

**TEXAS INSURANCE NETWORK, INC. D/B/A CORE BENEFITS AND MICHAEL W. STEPHENS, LLC, Appellants**

**V.**

**DANIEL D. GARTNER AND GARTNER LAW FIRM, PC, Appellees**

---

**On Appeal from County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1083087**

---

## MEMORANDUM OPINION

In this case, appellees, attorney Daniel D. Gartner and his law firm, Gartner Law Firm, PC (together, Gartner), sued Dennis Michael McLaughlin, a non-party to this appeal, seeking to recover Gartner's unpaid legal fees for services that Gartner had provided in an earlier lawsuit to appellants Texas Insurance Network, Inc. doing

business as Core Benefits (TIN) and Michael W. Stephens, LLC (MWS). Gartner claimed that McLaughlin had agreed to pay the attorney's fees incurred by TIN and MWS in the earlier suit but had failed to pay all of Gartner's fees. In the trial court, TIN and MWS, which were aligned with McLaughlin, intervened in the instant suit, asserting claims against Gartner, including claims for breach of fiduciary duty and negligence.

Following a jury trial, the trial court rendered judgment in favor of Gartner Law Firm against McLaughlin, awarding the firm actual damages and attorney's fees. The judgment also ordered that TIN and MWS recover nothing against Gartner on their breach-of-fiduciary-duty claim and that MWS recover nothing on its negligence claim. However, the jury found that Gartner was liable to TIN for negligence, and the judgment ordered Gartner Law Firm to pay TIN damages.

On appeal, TIN and MWS contend that the trial court abused its discretion by excluding a portion of their legal expert's testimony. Because any error in excluding the testimony was harmless, we affirm the trial court's judgment.

## Background

In 2010, TIN, which was owned solely by McLaughlin, purchased nearly all of MWS's assets. McLaughlin then became MWS's managing director.

After the asset purchase, MWS sued its former employee, Brent Young, for allegedly taking MWS's proprietary information (hereafter referred to as the Young

litigation). McLaughlin hired Daniel Gartner and his law firm to represent MWS in the suit, and McLaughlin agreed to pay Gartner's legal fees incurred by MWS. As the litigation progressed, TIN was added as a plaintiff. Among their claims, MWS and TIN alleged that Young had violated the Texas Theft Liability Act (TTLA).

The 2016 final judgment from the Young litigation reflects that all claims, including the TTLA claim, were resolved in favor of Young. Under the TTLA, Young, as the prevailing party, was entitled to his "reasonable and necessary attorney's fees," and the judgment reflects that Young was awarded attorney's fees of $50,500 against MWS and TIN.[1] Later, MWS and TIN signed a settlement agreement with Young, agreeing to pay Young $20,000 in exchange for his release of the right to collect the $50,500 attorney's-fee award from MWS and TIN.

Although TIN had paid some of Gartner's legal fees incurred in the Young litigation, Gartner sent McLaughlin a demand letter informing him that he owed the law firm $71,275.09 in unpaid legal fees for Gartner's representation of MWS and TIN in that litigation. The letter requested payment within 30 days.

---

[1]   *See* TEX. CIV. PRAC. & REM. CODE § 134.005(b) ("Each person who prevails in a suit under [the TTLA] shall be awarded court costs and reasonable and necessary attorney's fees."); *Agar Corp., Inc. v. Electro Cirs. Int'l, LLC*, 580 S.W.3d 136, 148 (Tex. 2019) (holding that defendant "prevailed" under TTLA when it obtained summary judgment on plaintiff's TTLA claim, entitling defendant to recover its attorney's fees for defending against the claim).

When McLaughlin did not pay the legal fees, Daniel Gartner sued McLaughlin, asserting, inter alia, that McLaughlin breached his agreement to pay MWS's and TIN's fees. Shortly after filing suit, Daniel Gartner filed an affidavit. Attached to the affidavit were business records from Gartner Law Firm, itemizing the legal services that the firm had performed for MWS and TIN and the corresponding charges for those services. Gartner stated that he was the custodian of the firm's business records and attested that "[t]he amount which was charged for the services and costs was reasonable at the time and place that the services and costs were provided and the services and costs were necessary." Gartner Law Firm also joined the instant suit as a plaintiff.

In the trial court, attorney Michael West represented McLaughlin, and he also represented MWS and TIN. West filed petitions in intervention on behalf of MWS and TIN. As intervenors, MWS and TIN sought actual damages, asserting causes of action against Daniel Gartner and Gartner Law Firm for negligence and breach of fiduciary duty, among others. MWS also asserted a fraud claim. In conjunction with their breach-of-fiduciary-duty claim, MWS and TIN sought disgorgement of Gartner's legal fees.

To support its claims, TIN alleged that, in the Young litigation, Gartner had advised TIN to join the litigation as a plaintiff and to file a claim under the TTLA. TIN asserted that Gartner, however, "did not advise TIN that if TIN did not prevail

4

in its claim under the [TTLA], then it would be responsible to pay the defendants' costs and attorneys' fees." TIN indicated that it had not had a meritorious TTLA claim despite Gartner's assurance that it did. TIN explained that Gartner did not non-suit TIN's TTLA claims and did not submit a jury question on the issue. As a result, the trial court in the Young litigation "determine[d] that TIN was not successful on its [TTLA] claim" and that TIN was liable to Young "under the fee shifting provision" of the TTLA for his attorney's fees of $50,500. TIN explained that it then settled with Young, agreeing to pay him a lesser amount, "which TIN then paid to resolve the judgment against it."

TIN also alleged that Gartner had overbilled for their legal services. Specifically, TIN alleged that Gartner charged TIN for services that Gartner had not performed and for services that Gartner "had agreed and represented that they would not charge for." Similarly, MWS alleged in its intervention petition that Gartner overbilled for their legal services. MWS alleged that Gartner billed for services that were performed by another attorney and not performed by Daniel Gartner. And, like TIN, MWS asserted that Gartner billed MWS for "legal services which were not performed by Gartner" and for legal services that MWS had been told it would not be charged.

The case was tried to a jury. During trial, West—the attorney representing McLaughlin, MWS, and TIN—called a legal expert—attorney Jess Mason—to

5

testify. Gartner immediately objected that Mason should not be permitted to testify about the reasonableness and necessity of Gartner's attorney's fees from the Young litigation, which Gartner sought to recover from McLaughlin. The record indicated that Mason planned to testify that Gartner's attorney's fees were not reasonable and necessary because Gartner had overbilled for their services and had billed for services that Gartner had not performed.

Gartner pointed out that, early in the instant suit, Daniel Gartner had filed a business records affidavit in which he attested to the reasonableness and necessity of the attorney's fees reflected in his firm's billing records attached to the affidavit. Gartner also pointed out that the other side had not filed a counter-affidavit controverting the reasonableness and necessity of the attorney's fees. Gartner asserted that, because no counter-affidavit affidavit had been filed, Mason was prohibited from testifying about the reasonableness and necessity of Gartner's attorney's fees under Civil Practice and Remedies Code section 18.001.[2]

The trial court agreed with Gartner and prohibited Mason from testifying that the legal fees reflected in Gartner's billing records, which had been admitted into evidence, were not reasonable and necessary charges for the legal work that Gartner had performed in the Young litigation. But the trial court did permit Mason to testify about whether McLaughlin had agreed to pay the legal fees and to testify about

[2]    *See* TEX. CIV. PRAC. & REM. CODE § 18.001.

6

whether Gartner had been negligent in advising TIN to file a TTLA claim against Young.

After Mason had provided some testimony, West argued to the trial court that, even though the court had ruled that Mason could not testify that the legal fees charged in Gartner's billing records were not reasonable and necessary, Mason should be permitted to testify about the charges to the extent that they evidenced a breach of fiduciary duty to MWS and TIN. The trial court agreed with West.

The trial court reiterated that Mason could not testify about the reasonableness and necessity of the legal fees in Gartner's billing records, but it also ruled that Mason could testify about the entries in the billing records as they related to MWS's and TIN's breach-of-fiduciary-duty and fraud claims. The trial court stated that, for example, Mason could testify about whether an entry was fraudulent or whether an entry reflected work that Gartner never performed. Mason could also testify if an entry demonstrated a breach of fiduciary duty because it reflected a breach of the attorney's duty of loyalty by showing that the legal work was in the best interest of the lawyer rather than in the client's best interest. To support TIN's and MWS's breach-of-fiduciary-duty claim, Mason then provided testimony about certain entries in Gartner's billing records. For instance, Mason testified that Gartner billed for services for which Gartner had previously represented they would not bill, overbilled for their legal services, and failed to be specific in their billing entries.

7

The jury found that McLaughlin had agreed to pay Gartner Law Firm for the legal services rendered in connection with the Young litigation and that McLaughlin had failed to comply with that agreement. The jury awarded Gartner Law Firm $71,275 in actual damages, representing the unpaid fees that the law firm was owed by McLaughlin for the legal services it had performed in the Young litigation. And the jury found that Gartner Law Firm had incurred $148,840 in reasonable and necessary legal fees in this case.

The trial court also submitted liability questions to the jury for MWS's and TIN's claims of negligence and breach of fiduciary duty.[3] In Question 11, the jury answered affirmatively for both MWS and TIN when asked whether "the negligence, if any, of Dan[iel] Gartner proximately cause[d] financial injury to [MWS] and [TIN]." While it found that he had been negligent, the jury found in Question 12 that Daniel Gartner had not breached his fiduciary duty to either MWS or to TIN.

In Question 13, the trial court instructed the jury that, if it had found liability on either the negligence or breach-of-fiduciary-duty claim, then it should determine what damages were owed to MWS and to TIN. The trial court also instructed the jury that, to determine MWS's and TIN's damages, the jury should "[c]onsider only the money reasonably paid in settlement of [the Young litigation]." The jury found that MWS was entitled to $0 in damages, but that TIN was entitled to $50,500.

---

[3]    MWS's fraud claim was not submitted to the jury.

Gartner filed a motion for judgment notwithstanding the verdict. In the motion, Gartner asserted that the jury's award of damages to TIN should be reduced from $50,500 to $20,000. Gartner acknowledged that TIN had been ordered to pay $50,500 in attorney's fees to Young in the earlier litigation but pointed out that "the evidence also showed conclusively and without contradiction that after the rendition of judgment [in the Young litigation], the parties entered into a settlement agreement under which TIN paid Young the sum of $20,000, thus fully discharging the judgment debt of TIN." Gartner argued that "as matter of law, TIN's damages in the case at bar were limited to the sum of $20,000." Gartner also pointed out that West had told the jury in his closing argument that it should award $20,000 in response to Question 13. The trial court granted Gartner's motion.[4]

The trial court signed a final judgment ordering that Gartner Law Firm recover from McLaughlin: (1) $71,275.09 for breach of contract, (2) $148,840 in attorney's fees through proceedings in the trial court, and (3) conditional appellate attorney's fees. The judgment also ordered that TIN and MWS recover nothing against Gartner on their breach-of-fiduciary-duty claim and that MWS recover nothing on its negligence claim. But, based on the jury's affirmative negligence finding in TIN's

---

[4] Gartner also complained of the jury's award of $0 for conditional appellate attorney's fees in the motion for judgment notwithstanding the verdict. The trial court also granted the motion as to those jury findings and awarded Gartner Law Firm conditional appellate attorney's fees in the final judgment.

favor, and the jury's damages finding as reduced by the trial court, the trial court's judgment ordered Gartner Law Firm to pay TIN $20,000, plus pre- and post-judgment interest.

MWS and TIN now appeal the trial court's judgment. McLaughlin has not appealed.

## Harmless Error

In one issue, MWS and TIN (hereafter together, Appellants) contend that the trial court erred when it did not permit their legal expert, Jess Mason, to testify that Gartner's attorney's fees in the Young litigation were not reasonable or necessary because Gartner had engaged in "wrongful billing practices." Appellants argue that the trial court excluded the testimony based on "an incorrect interpretation" of Civil Practice and Remedies Code section 18.001. Appellants assert that they should have been permitted to introduce Mason's testimony regarding the reasonableness and necessity of the attorney's fees to establish their breach-of-fiduciary-duty claim.

In response, Gartner asserts that, regardless of whether the trial court erred in excluding Mason's testimony regarding the reasonableness and necessity of the attorney's fees, such error would be harmless error as to MWS and TIN. We agree.

"Trial court error is reversible only when harmful, that is, if the error 'probably caused the rendition of an improper judgment.'" *Diamond Offshore Servs. Ltd. v. Williams*, 542 S.W.3d 539, 551 (Tex. 2018) (quoting TEX. R. APP. P. 44.1(a));

10

*State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009) ("For the exclusion of evidence to constitute reversible error, the complaining party must show that (1) the trial court committed error and (2) the error probably caused the rendition of an improper judgment."). Because "[t]his standard is less a precise measurement and more a matter of judgment," courts "review the entire record to assess the importance of the excluded evidence." *Williams*, 542 S.W.3d at 551.

The record shows that Mason's testimony regarding Gartner's alleged overbilling, as reflected in Gartner's billing records, was being offered for two purposes. First, the testimony was being offered to defend against Gartner's breach-of-contract claim against McLaughlin by showing that the attorney's fees from the Young litigation, which Gartner sought to collect from McLaughlin, were not reasonable and necessary. Second, Mason's testimony was offered to support Appellants' breach-of-fiduciary-duty claim against Gartner. The record shows that, while Mason was prohibited from testifying about Gartner's alleged overbilling as related to the reasonableness and necessity of the attorney's fees, the trial court permitted Mason to testify about the overbilling issues as they related to proving Appellants' breach-of-fiduciary-duty claim.

Had McLaughlin appealed, the excluded expert testimony regarding the reasonableness and necessity of the attorney's fees may have been of significance as to him. But McLaughlin did not appeal. The substance of the testimony that

11

Appellants complain was excluded—that is, testimony about Gartner's alleged "wrongful billing practices"—was in fact admitted for the very purpose that they complain it was not admitted: to prove that Daniel Gartner and his firm breached their fiduciary duties to Appellants. Thus, the record shows that the exclusion of Mason's testimony regarding the reasonableness and necessity of Gartner's attorney's fees did not result in the rendition of an improper judgment as to Appellants. *See* TEX. R. APP. P. 44.1(a); *Williams*, 542 S.W.3d at 551; *Cent. Expressway Sign Assocs.*, 302 S.W.3d at 870; *see also Benavides v. Cushman, Inc.*, 189 S.W.3d 875, 880 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that there was no harm in excluding expert's testimony regarding incidents that were similar to incident that injured plaintiff because jury heard evidence concerning other incidents from other sources); *Stergiou v. Gen. Metal Fabricating Corp.*, 123 S.W.3d 1, 5 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (recognizing that, where two timelines were essentially identical, holding that any error in excluding appellant's timeline was harmless because appellant did not show how excluded timeline substantially differed from properly admitted one); *Wilson v. John Frantz Co.*, 723 S.W.2d 189, 194 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("If there was any error in excluding the evidence proffered by the appellee, the error was harmless because other evidence that was admitted revealed the [same] facts . . ..."). In short, as relevant to this appeal, the error, if any, was harmless and

does not require reversal. *See Williams*, 542 S.W.3d at 551; *Cent. Expressway Sign Assocs.*, 302 S.W.3d at 870.

We overrule MWS's and TIN's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Richard Hightower
Justice

Panel consists Chief Justice Radack and Justices Landau and Hightower